IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>) Case No.: 2:21-cr-111-3<br>)<br>MARK H. HILLIARD. )<br>)<br>    *Defendant*. )<br>_____ ) | |

### DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO AMENDMENT 821

COMES NOW, Mr. Mark Hilliard, by counsel, and moves the Court to reduce his sentence by five (5) months in line with the reduction of his sentencing guidelines from 51-60 months at sentencing to 46-57 months as modified in the Probation Office's worksheet revision of the guidelines pursuant to Amendment 821 effective November 1, 2023 of the United States Sentencing Commission's Updated Guidelines.  **ECF No. 158**.

Mr. Hilliard appeared before this Court on April 19, 2022, for sentencing on his plea of guilty to one count of Conspiracy to Commit Fraud in Connection with Major Disaster Benefits, in violation of 18 U.S.C. § 371.  He was sentenced to 51 months incarceration and three (3) years of supervised release.  **ECF No. 135.**

On April 27, 2023, the Sentencing Commission voted to promulgate Amendment 821 to the Sentencing Guidelines. In part, this amendment alters the application of the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing.  Specifically, with regard to "status points," under U.S.S.G. §

4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends Section 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.  Mr. Hilliard had 13 criminal history points in his original PSR, which has been modified correctly under the new amendment to 12 with a new Criminal History Category of V.

On August 24, 2023, the Commission voted to give retroactive effect to these two changes, as of November 1, 2023.  In order to permit the orderly disposition of what is expected to be a substantial volume of motions for sentence reductions (possibly in the tens of thousands nationwide), the Commission decreed that while inmates will be able to file motions beginning on November 1, 2023, under 18 U.S.C. § 3582(c)(2), seeking a reduction in sentence based on the retroactive amendment, an individual whose request is granted by the Court may be released from prison no earlier than February 1, 2024.

Mr. Hillard requests that the Court grant his motion for a downward reduction of his sentence of five (5) months in accordance with the revised sentencing guidelines.  Mr. Hilliard's three co-defendants all received sentences of 46 months or less, making a 46-month sentence for Mr. Hilliard that much more appropriate after the revision of the guidelines retroactively.

## Argument

Subsection (b) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances.  First, the Court can modify a judgment (1) upon a motion of the Director of the Bureau of Prisons

("BOP") for statutorily-specified reasons, (2) upon the motion of the government for substantial assistance, or (3) upon a motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range.  18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); see also Fed. R. Crim. P. 35(b).  Second, the Court can correct a judgment as permitted (1) upon a motion to correct clear error, or (2) upon appeal of the sentence as provided for by 18 U.S.C. § 3742.  18 U.S.C. §§ 3582(b)(2), 3742; see also Fed. R. Crim. P. 35(a).  Third, the Court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742.  18 U.S.C. §§ 3582(b)(3), 3742.  Mr. Hilliard's guidelines have now been revised by probation to 46-57 months, and Mr. Hilliard is a wonderful candidate for this reduction.  He has had only minor disciplinary issues in the Bureau of Prisons and has a job lined up for himself in the Tidewater area when he gets out of prison.

## Conclusion

Mr. Hilliard respectfully requests that this Court grant the motion for a reduction of five (5) months off his sentence as his guidelines have been appropriately reduced by the recalculation of status point in this retroactive application of Amendment 821.  Such a sentence reduction would be sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Dated: April 19, 2024.                    Respectfully Submitted,

                                  /s/ Benjamin A. Beliles
                          Benjamin A. Beliles, Esquire (VSB #72723)
                          BELILES & ASSOCIATES, PLLC
                          1108 East Main Street, Suite 1002

Richmond, Virginia 23219
Tel: (804) 223-0297
Fax: (804) 414-7758
bbeliles@benwinsagain.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of April, 2024, a copy of the foregoing motion was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

              /s/ Benjamin A. Beliles
            Benjamin A. Beliles, Esquire (VSB #72723)
            BELILES & ASSOCIATES, PLLC
            1108 East Main Street, Suite 1002
            Richmond, Virginia 23219
            Tel: (804) 223-0297
            Fax: (804) 414-7758
            bbeliles@benwinsagain.com